IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jarvis Nathan McNeal, | ) | Civil Action No.: 4:11-cv-02305-RBH |
| | ) | Criminal No.: 4:07-cr-01049-RBH-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Jarvis Nathan McNeal's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

**Procedural History and Factual Background**

On August 28, 2007, a federal grand jury returned a two-count indictment against Petitioner, charging him in Count 1 with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and in Count 2 with use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). On February 28, 2008, Petitioner pled guilty to the Counts 1 and 2 of the Indictment. Prior to his guilty plea the Government had consented to a bond for Petitioner to give him the opportunity to cooperate with the Government. Petitioner was also allowed to remain on bond after his guilty plea. However, while on bond Petitioner committed additional crimes.

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

Specifically, Petitioner committed various acts that resulted in being charged by the State with more than thirty counts of criminal conduct. Based on this additional criminal conduct the Government moved for an upward departure under U.S.S.G. § 4A1.3 on the grounds that Petitioner's criminal history category substantially under-represented the seriousness of his criminal history and the likelihood that he would commit further crimes.

On August 26, 2009, At Petitioner's sentencing, this Court granted the Government's motion and upwardly departed by movng horizontally from criminal history category II to category IV and sentenced him to a total of 189 months imprisonment and five years of supervised release. Petitioner appealed his conviction to the Fourth Circuit Court of Appeals. *See United States v. McNeal*, 380 Fed. App'x 260 (4th Cir. 2010). Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), alleging that he had found no meritorious issues for appeal, but raising for consideration whether the district court complied with Federal Rule of Criminal Procedure 11 at the plea hearing to insure that Petitioner's plea was knowing and voluntary, and whether the sentence imposed was reasonable. *Id*. Petitioner also filed a *pro se* supplemental brief claiming that the this Court erred in granting an upward departure under U.S.S.G. § 4A1.3 based on his post-plea criminal conduct while on bond for the instant offense. *Id*. In affirming the conviction and sentence, the Court of Appeals found that this Court fully complied with Rule 11, that Petitioner's guilty plea was knowing and voluntary, and that this Court's decision to depart
upward and the extent of the departure were reasonable. *Id*.

On August 29, 2011, Petitioner filed the instant Motion to Vacate. On October 20, 2011, the Government filed a Motion for Summary Judgment, alleging that Petitioner's Motion was without merit. An order filed October 21, 2011, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. Petitioner timely filed a Response in Opposition.

## Applicable Law[2]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

---

[2] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

**Grounds for Petition**

Petitioner's Motion to Vacate alleges the following grounds for relief.

In the first ground, or "Claim 1," Petitioner alleges that his "due process rights were abridged" when this Court departed upward based on criminal conduct which had not yet resulted in convictions, but were merely "pending" at the time he was sentenced. [Mot. to Vacate, Doc. # 139-1, at 1.]

In his second and fourth grounds for relief, "Claim 2" and "Claim 4," which are properly considered together because they are based on the same alleged act of ineffectiveness, Petitioner claims that defense counsel was ineffective for failing to advise him of the "procedural implication," or "the consequences of," not moving to withdraw his guilty plea. [Mot. to Vacate, Doc. # 139-2, at 1; Doc. # 139-4, at 1.]

Finally, in his third ground for relief, "Claim 3," Petitioner claims that his guilty plea was not knowing or voluntary because he was unaware at the time of his plea that this Court "could use post-plea conduct to determine the severity of his sentence." [Mot. to Vacate, Doc. # 139-2, at 1; Doc. # 139-3, at 1.]

**I.     Claim I: Due Process Violation for Upward Departure**

In his first claim for relief Petitioner alleges that his "due process rights were abridged" when this Court departed upward based on "unrelated charges which were ultimately dismissed," and that his sentence was "founded on false information." [*See* Mot. to Vacate, Doc. # 139-1, at 1.] He focuses on the fact that the post-plea criminal charges which formed the basis of the upward departure were still pending and had not yet resulted in convictions at the time he was sentenced. He also contests the extent of the upward departure. [*Id.*] As he asserts: "The severity of this increase is objectionable . . . ." [*Id.*]

This Claim plainly fails because the issues raised by Petitioner have already been fully litigated on direct review and are not subject to collateral review. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976). As the Fourth Circuit itself held:

> We have reviewed the record and conclude that the district' court decision to depart upward was procedurally and substantively reasonable. First, the testimony of the victims of McNeal's post-plea criminal conduct was reliable, and indicated that McNeal had committed the crimes. Second, the criminal conduct at issue was similar to the instant offense. Third, McNeal's post-plea crime spree was committed after he had been released on bond for the instant offense so that he could cooperate with the government.
>
> In addition, the extent of the departure was reasonable. McNeal's post-plea criminal conduct provided persuasive grounds for the district court to conclude that McNeal's criminal history classification in category II was insufficient to reflect the seriousness of his criminal history, or the likelihood that he would commit future crimes. The district court moved horizontally from criminal history category II to category IV by assigning criminal points based on McNeal's post-plea conduct. We conclude that this methodology complied with the Guidelines requirement that, in deciding the extent of a departure, the court shall use "as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." USSG § 4A1.3(a)(4)(A). Therefore, we conclude that the extent of the district court's departure was reasonable.

*See McNeal*, 380 Fed. App'x at 260. Thus, the issues raised in Petitioner's first claim for relief have already been fully litigated on direct review and are not subject to collateral review. Furthermore, even if this Court were to consider these issues on their merits, it would find them equally unpersuasive for the same reasons set forth by the Fourth Circuit.[3]

## II.    Claims II and IV: Ineffective Assistance of Counsel

---

[3] To the extent Petitioner argues he should have received acceptance of responsibility, this issue was also implicitly addressed by the Fourth Circuit, which ruled that "the district court properly calculated the Guideline range," which includes acceptance of responsibility. *McNeal*, 380 Fed. App'x at 260. For this reason Petitioner's issue is not subject to collateral review. If it were the Court would nonetheless affirm its decision for the reasons stated by the Government in its Motion for Summary Judgment.

Petitioner's second and fourth claims for relief are essentially identical, and thus, appropriately considered together. In both claims he alleges that defense counsel was ineffective for failing to advise him of the "procedural implication," or "consequences," of not moving to withdraw his guilty plea. [Mot. to Vacate, Doc. # 139-2, at 1; Doc. # 139-4, at 1.] Because he did not move to withdraw his guilty plea, he argues, his appeal was reviewed under the "more stringent" plain error standard of review. [*Id.*]

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id.* at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id.*

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

Here, Petitioner cannot show that defense counsel's performance was deficient, or that he suffered any prejudice from counsel's conduct.

In his affidavit, defense counsel William N. Nettles, IV, provides a reasonable explanation of why he did not advise Petitioner that he could move to withdraw his guilty plea. As Nettles points out, Petitioner could not have satisfied the factors set forth in *United States v. Moore*, 931 F.2d 245 (4th Cir. 1991), cert. denied, 502 U.S. 857, 112 S.Ct. 171 (1991), which sets forth the standards to be applied to a motion to withdraw a guilty plea. [Nettles Aff., Doc. # 146, at 1–2.] In fact, as Nettles notes, Petitioner was still attempting to cooperate with the Government even after he was arrested for his criminal conduct while on bond, which is inconsistent with withdrawing his guilty plea. [*Id.* at ¶ 6.]

In *Moore*, 931 F.2d at 248, the Fourth Circuit noted six factors to be considered in whether to grant a motion to withdraw a guilty plea: (1) whether the defendant provided credible evidence

that his plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there was a delay between entering the guilty plea and moving for withdrawal; (4) whether defendant had close assistance of counsel; (5) whether withdrawal will prejudice the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Regarding the first *Moore* factor, the Fourth Circuit has already ruled that Petitioner's plea was knowing and voluntary. *See McNeal*, 380 Fed. App'x at 260. The record supports this ruling by the Court of Appeals. During Petitioner's plea hearing, this Court made certain that Petitioner was pleading guilty freely and voluntarily, and that he understood the charges to which he was pleading, the elements the Government would have to prove, the possible penalties, and the rights he was waiving by pleading guilty. [*See* Guilty Plea Tr., Doc. # 149-3, at 10:1–37:16.] Regarding the second factor, Petitioner confessed to the bank robbery after his arrest and agreed with the factual basis offered by the Government at his plea hearing. [*See id*. at 35:18–36:22; PSR, Doc. # 117, at ¶ 69 (sealed for court use only).] Petitioner has never claimed, even in his Motion to Vacate and Response in Opposition, that he was innocent of the instant offense of armed bank robbery and use of a firearm during a crime of violence. Regarding the third factor, Petitioner did not raise the issue of withdrawing his guilty plea until his Motion to Vacate, filed on August 29, 2011, some three and a half years after his guilty plea on February 28, 2008. Regarding the fourth factor, the entire record in this case shows that Petitioner benefitted from exemplary representation on the part of Mr. Nettles. Employing characteristically good judgment and effective advocacy, Mr. Nettles focused on the most critical issue in Petitioner's case: mitigating the consequences of his decision to embark on a post-plea crime spree while on bond cooperating with the Government. [*See* Sentencing Tr., Doc. # 149-4; Nettles Aff., Doc. # 146.], pp. 1-3. Additionally, before now, Petitioner never expressed dissatisfaction with Mr. Nettles either at the plea or at sentencing. Finally, as to the fifth

and sixth Factors, allowing Petitioner to withdraw his guilty plea at sentencing would have prejudiced the Government by having delayed the trial for two years after the offense. Withdrawal would also have inconvenienced the Court and wasted judicial resources to the extent that the entire plea and sentencing hearings, and related efforts on the part of this Court, would have been in vain. Thus, none of the *Moore* factors would have provided a basis for Petitioner to withdraw his guilty plea.

Clearly, based on the above application of the *Moore* factors, any motion by defense counsel to withdraw Petitioner's guilty plea would have been rejected by this Court as meritless. The failure of an attorney to raise a meritless motion or claim does not amount to ineffective assistance of counsel. *See Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005) (holding that counsel was under no duty to make meritless motion); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994)(holding that it was "axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance"). Thus, Petitioner cannot show that his counsel's performance was in any way deficient, or that he was prejudiced by counsel's actions in this regard - his second and fourth claims are without merit.

### III.    Claim III: Guilty Plea Unknowing

In his third claim for relief, Petitioner alleges that his guilty plea was "unintelligent, unknowing and involuntary" because he was unaware at the time of his plea that his post-plea criminal conduct could be used to enhance his sentence. [Mot. to Vacate, Doc. # 139-2, at 1; Doc. # 139-3, at 1.] He claims that he was actually innocent of the post-plea crime spree and that he was not given the opportunity to establish his innocence "in an appropriate adversarial process." [*Id.*]

Like Petitioner's first claim, this Claim plainly fails because the issues raised by Petitioner have already been fully litigated on direct review and are not subject to collateral review. *See Boeckenhaupt v. United States,* 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976).

In this case, the Fourth Circuit reviewed this issue and held, "[o]ur review of the record leads us to conclude that the district court fully complied with Rule 11, and that McNeal's guilty plea was knowing and voluntary. *McNeal*, 380 Fed. App'x at 260. Thus, the issues raised in Petitioner's third claim for relief have already been fully litigated on direct review and are not subject to collateral review. Furthermore, even if this Court were to consider these issues on their merits, it would find them equally unpersuasive for the same reasons set forth by the Fourth Circuit. As the record in this case demonstrates, the Court was very careful during the Rule 11 colloquy to insure that Petitioner's plea was intelligent, knowing and voluntary; and the Court heard and addressed the issue of Petitioner's involvement in the post-plea criminal conduct during a lengthy sentencing hearing.. [*See* Guilty Plea Tr., Doc. # 149-3; Sentencing Tr., Doc. # 149-4.] For these reasons, in addition to the reasons stated by the Government in its Motion for Summary Judgment, Petitioner's Motion as to this claim is denied.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 150] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate [Doc. # 139] is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 16, 2013